Library

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HUGH L. SULE, D.D.S., | ) SPECIAL PROCEEDINGS CASE NO. |
| | ) SP0046-09 |
| Petitioner, | ) |
| | ) |
| v. | ) **DECISION AND ORDER** |
| | ) |
| | ) |
| STANLEY Y. YASUHIRO, as Chairman of | ) |
| the GUAM BOARD OF EXAMINERS FOR | ) |
| DENTISTRY, and in his personal capacity, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 7th day of January, 2011, for hearing to determine questions of fact and law concerning the validity of a request made by the Petitioner under the Sunshine Reform Act of 1999 (hereinafter "Sunshine Act"), but the hearing was rescheduled and subsequently heard on the 25th of February, 2011, after the Petitioner failed to appear at the original hearing, and Petitioner's attorney made an oral request to reschedule the matter because he had also failed to issue subpoenas or summons for any witnesses to appear at the original hearing. Attorney Douglas B. Moylan represented the Petitioner, and Assistant Attorney General David J. Highsmith represented the Respondents. Because the Court finds that this matter can be determined as a matter of law, it now issues the

following Decision and Order on the matter presented without the issuance of Findings of Fact and Conclusions of Law.

"[T]he extraordinary remedy of mandate is discretionary, and carries a threshold of satisfying certain statutory requirements . . . ." Carlson v. Perez, 2007 Guam 6 ¶ 66. When a court is faced with the question of whether to issue a writ, it must inquire whether all of the following conditions have been met: (1) the respondent is an inferior tribunal, corporation, board, or person; (2) the respondent has failed to perform a clear and present duty; (3) the duty entails ministerial action, the assumption of jurisdiction, the exercise of discretion, or the abuse of discretion; (4) the petitioner has another, adequate remedy at law; and (5) the petition is verified. Bank of Guam v. Reidy, 2001 Guam 14 ¶ 27.

Therefore, as a threshold requirement, in order to invoke the Court's extraordinary powers of mandamus, a petitioner must show that it is legally entitled to the relief sought. 7 GCA § 31203 (2012); Bank of Guam v. Reidy, 2001 Guam 14 ¶ 27; *see also* In re Duque v. Superior Court, 2007 Guam 15 ¶ 8 ("Before addressing the merits of the Petition, this court must first examine whether writ relief is appropriate or necessary.").

"Generally, in reviewing a petition for mandamus relief, the petitioner must show there is '(1) [a] clear, present and usually ministerial duty on the part of the respondent; and (2) [a] clear, present and beneficial right in the petitioner to the performance of that duty.'" Bank of Guam v. Reidy, 2001 Guam 14 ¶ 13 (quoting Baldwin-Lima Hamilton Corp. v. Superior Court, 208 Cal.App.2d 237, 239, 16 Cal.Rptr. 119, 120 (Cal. Ct. App. 1961)). "The primary purpose of mandamus is the enforcement of a plain, nondiscretionary legal duty to act." Id. (citing Title 7 GCA §31202). Additionally, the right sought to be enforced must exist in the petitioner at the time the proceeding is brought. Id. at ¶ 15.

The Guam Code provides the circumstances in which a writ of mandate may be issued under 7 GCA §31202:

> §31202. When and by What Court Issued. It may be issued by any court, except a commissioner's court or police court, to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

7 GCA § 31202 (2012).

It is Petitioner's contention that it is challenging the Respondent's failure to adhere to a ministerial duty of the Respondent by failing to fully respond to a Sunshine Act request made by the Petitioner. Although Petitioner frames its argument as a writ of mandamus to compel the Respondent to perform its duties, the Petitioner alleges no legal duty on the part of Stanley Y. Yasuhiro. Instead, without citation to any statute, law, or rule which would require such act, the Petitioner makes a request that the Court compel Stanley Y. Yasuhiro to: (1) *"immediately provide all public records requested in **Exhibit A** . . . ."* Ver. Pet. for Peremptory Writ of Mandamus, p. 5, ¶ 15, (filed March 9, 2009)(emphasis in original). Petitioner also requests attorney's fees and the issuance of a $1,000.00 personal fine against the Respondent pursuant to 5 GCA §§ 10112, for the failure to send him the requested records. However, the Petitioner fails to inform the Court of any law that would require Stanley Y. Yasuhiro to perform the act of copying and sending the Petitioner records, and no other violation of duty is asserted by the Petitioner.

A writ of mandate is a proper remedy whenever a party demonstrates a clear right to have an action performed by a particular governmental official who refuses to act, Grant v. Hogan, 505 F.2d 1220, 1225 (3rd Cir. 1974), and there are no other or adequate means of

enforcing that action. Dowell v. Superior Court, 47 Cal. 2d 483, 487 (Cal. 1956); 7 GCA §31203. "Mandamus will lie only where there is a 'clear, present, and ministerial duty to act.'" Guam Fed. of Teachers ex. rel. Rector v. Perez, 2005 Guam 25 ¶ 24 (citing Holmes v. Territorial Land Use Comm'n, 1998 Guam 8 ¶ 12).

The Petitioner's arguments fail because there is no support for the Petitioner's contention that the requested action is mandated as a clear, non-discretionary, and ministerial duty of Stanley Y. Yasuhiro, either personally, or as the Chairman of the Guam Board of Examiners for Dentistry.

(A)    Failure to Cite Authority

"A proceeding in Mandamus is generally subject to the general rules of pleading applicable to civil actions." Chapman v. Superior Court, 29 Cal. Rptr. 3d 852, 859 (Cal. App. 4 Dist. 2005). Because Guam law regarding the requirements for a writ of mandate was derived from identical rules adopted in California, California law is highly persuasive authority in interpreting the parallel Guam provisions regarding writs of mandate. People v. Superior Court (Laxamana), 2001 Guam 26 ¶ 8. However, California has specifically adopted Rule 39.1B of the California Rules of Court, which requires that a petition for a writ of mandate must be accompanied by citation to applicable points and authorities. Under this rule, a petition for a writ of mandate may not be considered where a petitioner fails to provide the reviewing court with an adequate record, argument, and points and authorities. Cresse S. v. Superior Court, 58 Cal. Rptr. 2d 56, 61 (Cal. App. 2 Dist. 1996).

Although Guam has not adopted Rule 39.1B of the California Rules of Court, Guam has adopted its own rules of Court, and these rules specifically subject a petition for a writ to CVR Rule 7.1 of the Local Rules of Civil Procedure. Pursuant to CVR Rule 7.1(a) of the Local Rules

of the Superior Court of Guam, "the provisions of this rule shall apply to motions, applications, *petitions*, orders to show cause, and all other proceedings except a trial on the merits and applications for a temporary restraining order . . . ." CVR 7.1(a)(2012)(emphasis added). CVR Rule 7.1 of the Local Rules of the Superior Court of Guam applies to any type of action filed in the Superior Court pursuant to GR Rule 1.1(c), which provides: "the provisions of Civil Rules 7.1 and 7.1.1 of the Local Rules of the Superior Court of Guam shall apply to all actions and proceedings, including civil, tax, and criminal, except where they may be inconsistent with rules or provisions of law specifically applicable thereto." GR Rule 1.1(c)(2012). Further, 7 GCA § 30102, regarding special proceedings, states that "[t]he definitions of a motion and an order in a civil action are applicable to similar acts in a special proceeding." 7 GCA § 30102 (2012).

Civil Rule 7.1 specifically includes "petitions" as written requests which must conform to the requirements of CVR Rule 7.1. In this case, the Petitioner has filed a "Verified Petition for Peremptory Writ of Mandamus," requesting the Court to order either: (1) that Stanley Y. Yasuhiro be required to unseal proposal records and/or remove the IBC as the most qualified offeror; or (2) that Stanley Y. Yasuhiro be required to show cause for the failure to do so. The petition is a written request that the Court issue an order directing Stanley Y. Yasuhiro to take certain actions, or issue an order to show cause, in the alternative. Because GR Rule 1.1(c) makes CVR Rule 7.1 applicable to "all actions and proceedings" filed, and CVR Rule 7.1 specifically includes "petitions" as filings that are subject to its requirements, the Court can find no exception that would exempt the Petition for Alternative Writ of Mandate from the form and content demands of the rule. Therefore, regardless of the fact that the petition is not subject to the Guam Rules of Civil Procedure, the Petitioner's request to the Court must follow the

requirements prescribed by CVR Rule 7.1, under the Local Rules of the Superior Court of Guam.

Pursuant to CVR 7.1(c), there shall be served and filed with the petition: "(1) a memorandum in support thereof containing the points and *authorities* upon which the moving parties relies, *including citations*; . . ." CVR Rule 7.1(c)(2012)(emphases added).

The petition filed in this case contains no recitation of authorities upon which the Petitioner relies in asserting that Stanley Y. Yasuhiro has a duty to "provide" him with records. The Petitioner cites no statute, case law, or administrative rule within the petition as a basis for asserting that Stanley Y. Yasuhiro is required to perform this particular act as a ministerial duty. Moreover, the Petitioner has failed to cite any authority to support these factual and legal assertions in any other filing made subsequent to the petition. The Petitioner further failed to state any legal basis for its claims that Stanley Y. Yasuhiro is mandated to perform the acts requested in its petition during the oral argument allowed at the hearing on the writ, held on February 25, 2011. The Petitioner has failed to point the Court to any authority in support of its assertions that Stanley Y. Yasuhiro has a duty to automatically provide/send copies of any records to the Petitioner upon request.

A court may deny a petition for a writ of mandate for a petitioner's failure to assert the proper legal grounds for the writ with particularity. Galbiso v. Orosi Public Utility Dist., 107 Cal. Rptr. 3d 36, 52–53 (Cal. App. 5d 2010) (where "no legal basis was presented" to support allegations of a clear and present duty of an administrative body, the failure to provide such a basis was fatal to a cause of action for a writ of mandate); Hutchinson v. City of Sacramento, 21 Cal. Rptr. 2d, 779, 782–84 (Cal. App. 3 Dist. 1993) (court cannot assume the existence of a ministerial duty, the petitioners must identify the source of the ministerial duty in law); San Luis

Obispo County v. Gage, 73 P. 174, 178 (Cal. 1903) (a request for a writ of mandamus alleging only that a board's decision was issued "without right and against facts" was a mere conclusion of law, which failed to particularly set forth a duty of the board, and presented no issue for the consideration of the court); *accord* Cresse S. v. Superior Court, 58 Cal. Rptr. 2d 56, 61 (Cal. App. 2 Dist. 1996).

> As stated by the Supreme Court of Guam:

> In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: 'It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.'

Lamb v. Hoffman, 2008 Guam 2 ¶¶ 34–36 (Sup. Ct. Guam 2012)(quoting Wilson v. Taylor, 577 N.W.2d 100, 105 (Mich.1998)(internal citation omitted).

Here, as in the Lamb case, the Petitioner merely asserts the conclusion that Stanley Y. Yasuhiro should be required to produce, copy and send him records because he made a request, but fails to indicate a specific rule, statute, case, or legal principle that would require Stanley Y. Yasuhiro to do so. The Court has the ability to deny the petition on its face for the failure to cite to authority. CVR Rule 7.1(k); Lamb, 2008 Guam 2 ¶¶ 34–36 (quoting Wilson v. Taylor, 577 N.W.2d 100, 105 (Mich.1998)(internal citation omitted); Galbiso v. Orosi Public Utility Dist., 107 Cal. Rptr. 3d 36, 52–53 (Cal. App. 5 Dist. 2010); Hutchinson v. City of Sacramento, 21 Cal. Rptr. 2d, 779, 782–84 (Cal. App. 3 Dist. 1993); San Luis Obispo County v. Gage, 73 P. 174, 178 (Cal. 1903); *accord* Cresse S. v. Superior Court, 58 Cal. Rptr. 2d 56, 61 (Cal. App. 2 Dist. 1996).

Further, the Respondent has filed an answer to the writ, which includes citations to rules and statutes, which clearly show that there is no duty upon Stanley Y. Yasuhiro to automatically "provide the documents" requested by the Petitioner under the Sunshine Act upon request. Ver. Pet. for Peremptory Writ of Mandamus, Exhibit A (filed March 9, 2009). Because the Respondent has included these citations, the Court will address the merits of the Petitioner's claims under the Sunshine Act. Nevertheless, the Court will only address the merits of the Petitioner's claims under the authority cited by the Respondent, and will not seek other authority to support the Petitioner's claims, as none has been provided by the Petitioner. Lamb, at ¶¶ 34–36.

### (B)   Stanley Y. Yasuhiro in his Personal Capacity

Pursuant to 5 GCA § 10102:

> As used in this Chapter: (a) Agency means any authority of the government and includes a department, institution, board, bureau, commission, council, committee of Guam government, branch, autonomous instrumentality, public corporation funded by public taxes or funds, or other public entity of the government of Guam, whether or not it is within or subject to review by another agency. (b) Director means the person directly responsible for overseeing the daily operations of an agency, or the person serving in an acting capacity as director at the time of any request for copies of public records.

5 GCA § 10102 (2012).

By definition, Stanley Y. Yasuhiro, in his personal capacity is not a director or any part of any agency, and is therefore, not required to respond to requests under the Sunshine Act. Further, mandamus may only issue "to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specifically enjoins, *as a duty resulting from an office, trust, or station*; . . ." 7 GCA § 31202 (2012)(emphasis added). Stanley Y. Yasuhiro, in his personal capacity, has no duty imposed on him by the Sunshine Act or any other law.

Accordingly, the Court finds that the Petitioner has failed to show that Stanley Y. Yasuhiro has a duty to perform any act pursuant to the Sunshine Act in his personal capacity, and mandamus will not issue.

(C)     Stanley Y. Yasuhiro in his Capacity as Chairman of the Guam Board of Examiners for Dentistry

Next, the Court finds that Stanley Y. Yasuhiro has no duty to automatically provide or send the Petitioner copies of any records, as the Chairman of the Guam Board of Examiners for Dentistry. The law is clear in this matter. 5 GCA § 10103 is entitled "Right of *Inspection* of Public Documents." 5 GCA § 10103 (emphasis added). It states:

> (a) Every person has the *right to inspect and take a copy* of any public document on Guam, except as otherwise expressly prohibited in law, and except as provided in § 10108 of this Chapter. (b) Public records are *open to inspection at all times during the office hours* of the agency and every person has a right *to inspect* any public record, . . ."

5 GCA § 10103 (emphases added).

Pursuant to the Sunshine Act, a party has a right to go to the office of any public agency and inspect and make their own copies of records. A party does not have the right to have public officers or employees seek out records, make copies of those records, and deliver those copies to the party, outside of the agency's office. In fact, under the Sunshine Act, a person has the right to receive copies of records upon request only if they have already submitted payment of the legal fees for the copies. 5 GCA § 10201 states:

> Inspection of Public Records; Certified Copies. Every person has a right to *inspect* any public writing on record in Guam and every public officer having the custody thereof is bound to permit such inspection, and *to give on demand and on payment of the legal fees therefor* a certified copy of such writing or record.

5 GCA § 10201 (emphases added).

Nowhere in the Verified Petition for Peremptory Writ of Mandamus does the Petitioner claim that he ever paid the copying fees required. The Petitioner has not asserted this point orally, or in writing, at any hearing concerning this writ of mandate. The Petitioner asserts only that he made a written request for records to be provided to him. Ver. Pet. for Peremptory Writ of Mandamus, p. 2, ¶ 5 (filed March 9, 2009).

Because no evidence has been presented upon which the Court may find that the Petitioner paid the copying fees accompanying his demand for copies of documents, and the Sunshine Act clearly directs that a party only has the right to inspect records at the office of a public agency, the Court finds that Stanley Y. Yasuhiro had no affirmative duty to seek out records, make copies of those records and then send those records to the Petitioner, free of charge. Stanley Y. Yasuhiro's duty, if any, under the Sunshine Act, would be to make records available at the office of the Guam Board of Examiners for Dentistry. No duty exists to send copies of public records to the Petitioner at a location specified by the Petitioner. As there is no duty on the part of Stanley Y. Yasuhiro to affirmatively produce, copy and send requested records to the Petitioner, without payment of costs, mandamus will not lie, and the entire Verified Petition for Peremptory Writ of Mandamus must be dismissed.

Finally, the Court notes that the Respondent actually copied and provided the Petitioner with requested documents. Although testimony was taken in this matter, the Court makes no findings of fact or conclusions of law in this case, as the Petitioner has completely failed to allege the existence of a legal duty on the part of Stanley Y. Yasuhiro to do so. Thus, having failed to show the first requirement of a mandatory duty for the issuance of a writ of mandate, there is no need to examine any of the evidence presented on February 25, 2012, to determine whether the Respondent's production of records satisfied any duty.

## CONCLUSION

Based upon the foregoing, the Court finds no ministerial duty on the part of Stanley Y. Yasuhiro, either in his personal capacity, or his capacity as Chairman of the Board of Examiners for Dentistry, to affirmatively seek out, copy and deliver specified records to the Petitioner, without payment of costs under the Sunshine Act. Therefore, the Petitioner's request for the issuance of a writ of mandate DENIED.

**IT IS SO ORDERED** this ___JUL 0 9 2012___.

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full, true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

JUL 0 9 2012



Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam